IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | CASE NO.: 09-06214(ESL) |
| ZULMA I. RODRÍGUEZ-RIVERA | ADV CASE NO.: 09-0256 |
| PEDRO MARÍN-RECHES, | |
| RODRÍGUEZ-RIVERA, et al, | |
| Plaintiff | August 8, 2010 |
| | Old San Juan, Puerto Rico |
| vs | |
| PUERTO RICO TELEPHONE COMPANY, | |
| Defendant | |
| CONTESTED MATTER | |

**ADVERSARY PROCEEDING**

HELD BEFORE THE HONORABLE ENRIQUE S. LAMOUTTE
UNITED STATES BANKRUPTCY COURT JUDGE
FEDERAL COURTHOUSE, OLD SAN JUAN, PUERTO RICO

APPEARANCES:

FOR DEBTOR          :   Otto Landrón, Esq.

FOR PLAINTIFF       :   Carlos Rodríguez, Esq.

CERTIFIED TRANSCRIBERS INC.
1075 Carr. 2 Cond. Plaza Suchville #302
Bayamon, Puerto Rico 00959
Tel. # (787)783-6623

1  P R O C E E D I N G S

2                                    (11:38 A.M.)

3                 **PARTIAL TRANSCRIPT**

4      THE COURT:        Thanks. I was just

5  checking to close the matter.

6            I have reviewed all the documents

7  relative to this Adversary Proceeding requesting...

8  or for Violation of the Automatic Stay against

9  Defendant Puerto Rico Telephone Company, and I don't

10  have any questions.

11            I have again reviewed the Issue of

12  Notice because the Defendant has not appeared in

13  this case for any matter. As a matter of fact, I

14  don't see any Proof of Claim filed by Puerto Rico

15  Telephone Company.

16            Although, in the schedules, Puerto Rico

17  Telephone Company is included as an Unsecured

18  Creditor holding for a Claim on two telephone lines,

19  and specifically the ones in question here as to

20  Exhibit 1 and 2 presented by the Debtors.

21            Again, I reviewed, and there's a

22  Certificate of Service, which is showing that the

23  Complaint was served on Mr. Enrique Montellano,

24  President of Puerto Rico Telephone Company, of

1    Puerto Rico Telephone Company's failure to respond.

2              Default was entered, and Judgement...

3    Partial Judgement has been entered finding Puerto

4    Rico Telephone Company liable by default.

5              And, as I said, I have reviewed the

6    Bankruptcy Petition and Schedules, and it appears

7    that Puerto Rico Telephone Company was, indeed,

8    included and given notice of the Petition.

9              The Complaint for Violation of the

10   Automatic Stay was filed on December 18, 2009. It

11   stands unopposed, so the allegations in the same are

12   deemed admitted, and particularly paragraph three:

13        "The Defendant, Puerto Rico Telephone

14        Company, was named in Schedule F of the

15        Petition as a Creditor with a security of

16        priority. The Defendant is a Creditor of the

17        Debtors by virtue of a lease of a residential

18        telephone line number (787)790-0496.".

19             I have corroborated the Schedules, and

20   that is a fact, in addition to it being uncontested

21   by Defendant. It appears from the record that an

22   Order for Relief was entered on July 30, 2009,

23   pursuant to the Chapter 7 Petition filed by the

24   Debtors.

25             The testimony of Ms. Zulma Rodríguez

1  corroborates the allegations in paragraph five,

2  that:

3       "On two occasions during the month of May,

4       2009, prior to filing the Bankruptcy Petition,

5       Debtors requested PRTC to disconnect the line.

6       During the month of May, Debtors installed

7       another telephone line with another telephone

8       company, and have not been able to use the PRTC

9       line since.

10       Debtors assumed that the line was

11       disconnected. That, in spite of having been

12       notified by the Court of the filing of the case

13       and the effect upon Creditors, PRTC continued

14       sending monthly billing statements on August

15       19th, September 19th, October 19th, and letters

16       collecting the debt, copies of which are

17       attached as Exhibits A, B and C.".

18            So, what appears as Exhibit 1 in this

19  case was attached to the Complaint, which was served

20  on the Defendant, Puerto Rico Telephone Company. So,

21  the Defendant was appraised of the allegations and

22  the supporting documents at the time that the

23  Complaint was filed.

24            "On September 18, 2009, the Defendant, by

25       its agents and employees from the *Departamento*

1     *de Tratamiento y Cobros*, sent a letter to the

2     Debtor at her home address.". That appears also

3     in Exhibit 1.

4     "On October 1, 2009, the undersigned

5     Counsel for the Debtor sent a first class

6     letter to the Defendant informing it of the

7     filing of the Petition and describing the

8     provisions of Section 362(a)."

9     A copy of that letter is attached here

10 to Exhibit E. So, the letter by Counsel was attached

11 to the Complaint, served on the Puerto Rico

12 Telephone Company. That letter has also been

13 introduced in evidence as Exhibit 2 in these... at

14 this hearing.

15     "That at no time did any agent or employee

16     of the Defendant communicate or attempt to

17     communicate with the Debtors' undersigned

18     Counsel or knew or had reason to know that the

19     Debtors were represented by him."

20     So, those are the allegations on the

21 Complaint. They're uncontested, and they are

22 corroborated by the record and the testimony of Ms.

23 Zulma Rodríguez, who, in addition, has stated that

24 she suffers from a life-threatening illness that has

25 consumed Pre-Petition and currently all income.

1    That the basic reason for filing the

2 Bankruptcy Petition was because they did not...

3 since they were spending all the money in treating

4 her condition, she needed peace and had to avoid

5 stress.

6    The Puerto Rico Telephone Company tried

7 to collect the debt every month. That's in the

8 exhibits submitted. She felt stressed, sad and

9 impotent, and called her Attorney upon receiving the

10 first collection letter.

11    The Attorney indicated that she should

12 wait to see if there is a second attempt before

13 doing anything. The second attempt came, and, as a

14 result thereof, the Attorney wrote the Puerto Rico

15 Telephone Company to cease collection efforts.

16 That's Exhibit 2.

17    The collection efforts continued. Ms.

18 Rodríguez feels that her recuperation is impossible

19 on account of the stress. And, that, subsequently,

20 she received a call from a collection agency

21 attempting to collect the debt.

22    I have reviewed the Claim Register, and

23 Puerto Rico Telephone Company has not filed a Claim,

24 although they were included as a Creditor.

25    I have reviewed separate statements

1   filed in Exhibit 1. I think they're inconsistent in

2   the way they apply payments and the way they

3   indicate arrears. So, that's the fact on scenario

4   leading.

5          Now, as to how much in damages should

6   be awarded, as I understand upon closing, the

7   Debtors are requesting one thousand dollars for each

8   violation. For eleven violations, that would be

9   eleven thousand dollars.

10          They're also requesting an additional

11  fifty thousand dollars for punitive damages and

12  attorneys' fees in the amounts to be requested as

13  per honorification (phonetic) to be filed.

14          MR. RODRÍGUEZ:       And, an additional

15  fifty thousand dollars for Contempt of Court

16  remedies.

17          THE COURT:       And, why different from

18  punitive?

19          MR. RODRÍGUEZ:       They are now being

20  allowed and added on to the remedies for the

21  Debtors, who are victims of the Violation of the

22  Automatic Stay. And, in our... excuse me... in our

23  Application for Partial Judgement of Default, we

24  explained it as a matter of law. If it pleases the

25  Court, I would go ahead and read it.

1      "In addition to remedies under Section

2      362(k), the Debtor also has remedies for

3      Violation of the Automatic Stay as Contempt of

4      Court Order.

5      It is quite clear that the Violation of the

6      Stay constitutes Contempt of Court..."... no,

7      excuse me, I'm sorry, we're in the Contempt of

8      Court (phonetic). I apologize.

9      That would be in the case of Jovet

10     Engineers, Inc. versus Internal Revenue Service, 92

11     Federal 3rd, 1539, 11th Circuit. In 1996, that

12     decision was handed down. Also it states here:

13     "The legislative history, in Section

14     362(k), makes clear that Congress was granting

15     an additional remedy to Debtors beyond those

16     already in existence.".

17     And, that would be 130 Congress Record

18     Hearing, 1942. It's also stated in Inre: Skinner,

19     917 Federal 2nd, 444 of the 10th Circuit, a 1990

20     decision. Those would be the arguments in law for

21     asking damages in terms of Contempt of Court.

22     THE COURT:          You mentioned eleven

23     instances of collection. I have ten documents.

24     MR. RODRÍGUEZ:          And, the phone call.

25     THE COURT:          Oh, and the phone call.

1    MR. RODRÍGUEZ:        That's after having

2    referred the account to a collection agency. They're

3    the last two communications.

4          THE COURT:        Damages are assessed as

5    follows. One thousand dollars for each violation,

6    for eleven thousand dollars, three times that amount

7    as punitive damages. That's thirty-three thousand

8    dollars, plus attorneys' fees to be filed with the

9    Court within ten days. And, the Court requests a

10   transcript of this Court's Findings and Conclusions.

11         MR. RODRÍGUEZ:        Permission to be

12   excused, sir.

13         THE COURT:        You're excused.

14         MR. RODRÍGUEZ:        Thank you. Have a

15   good day.

16         THE COURT:        Court recesses till two

17   o'clock.

18                                (11:51 A.M.)

19         (Whereupon, the hearing in the above-

20   entitled matter was terminated.)

21

22

23

24

25

**CERTIFIED TRANSCRIBERS INC.**
1075 Carr.  2 Cond.  Plaza Suchville #302
Bayamon, Puerto Rico 00959
Tel. # (787)783-6623

TRANSCRIBER CERTIFICATION

1

2

3      I, CRYSTAL INCHAUSTEGUI BREAZ, Transcriber,
4  do hereby certify that the foregoing transcript was
5  transcribed by me to the best of my abilities.

6

7      I CERTIFY that all "(inaudible)" were
8  carefully reviewed and found to be as written.

9

10     I FURTHER CERTIFY that I am not interested
11  in the outcome of the case mentioned in said
12  caption.

13

14     WITNESS MY HAND this 20 day of the month of
15  August, 2010 in San Juan, Puerto Rico.

16

17                     S/ CRYSTAL INCHAUSTEGUI
18                  CRYSTAL INCHAUSTEGUI BREAZ

19

20  I, DIANE BREAZ, RPR and Official Court Reporter for
21  the District Court of Puerto Rico, certify that the
22  foregoing transcript has been verified and certified
23  by me.

24                     S/ DIANE BREAZ
25                  DIANE BREAZ

CERTIFIED TRANSCRIBERS INC.
1075 Carr. 2 Cond. Plaza Suchville #302
Bayamon, Puerto Rico 00959
Tel. # (787)783-6623